**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SANDY PAPALEO, | ) | CASE NO:    1:10-CV-2146 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | VECCHIARELLI |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |

Marcia W. Margolius, counsel for Plaintiff, Sandy Papaleo ("Plaintiff"), petitions

this Court for approval of attorney's fees pursuant to 42 U.S.C. 406(b)(1) ("§ 406(b)(1)")

in the total amount of $4,357.50.  (Doc. No. 24.)  Defendant, the Acting[1] Commissioner

of Social Security ("Commissioner"), does not oppose.  (Doc. No. 26.)  Plaintiff does not

object to Counsel's request for fees.  For the reasons set forth below, the motion is

GRANTED.

## I.    BACKGROUND

On January 24, 2006, Plaintiff filed an application for Period of Disability ("POD")

and Disability Insurance Benefits ("DIB"), alleging a disability onset date of October 3,

2004.  (Transcript ("Tr.") 14.)  The application was denied initially and upon

reconsideration, and Plaintiff requested a hearing before an administrative law judge

("ALJ").  (Id.)  On September 29, 2008, an ALJ conducted a hearing, at which Plaintiff

---

[1]    On February 14, 2013, Carolyn W. Colvin became Acting Commissioner
of Social Security.  She is automatically substituted as the defendant in
this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

appear, testified, and was represented by counsel.  (*Id.*)  On July 27, 2010, the ALJ

found Plaintiff not disabled.  (Tr. 21.)  On July 27, 2010, the Appeals Council declined to

review the ALJ's decision, which became the Commissioner's final decision.  (Tr. 5.)

On September 23, 2010, Plaintiff filed her Complaint challenging the

Commissioner's final decision.  (Doc. No. 1.)   On September 30, 2011, this Court

reversed the Commissioner's final decision and remanded this case for further

proceedings.  (Doc. No. 17.)  On May 25, 2011, Plaintiff moved for $1,868.75 in fees,

expenses, and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

(Doc. No. 19.)  The Commissioner did not oppose Plaintiff's request for fees.  (Doc. No.

20.)  On January 4, 2012, this Court granted Plaintiff's motion for fees under the EAJA.

(Doc. No. 23.)

On June 327, 2013, Counsel filed a motion for attorney's fees under § 406(b)(1)

and sought $4,357.50 based on her contingency fee agreement with Plaintiff.  (Doc. No.

24.)  Counsel attached the following: (1) Plaintiff's April 28, 2013 Notice of Award (doc.

no. 24-1); (2) a June 2006 contingent fee agreement between Plaintiff and Counsel

(doc. no. 24-2); (3) Counsel's time sheet (doc. no. 24-3); and (4) a memorandum and

order in *McArthur v. Astrue*, No. 1:07-CV-1560 (McHargh, M.J.), granting Counsel's

request for an hourly rate of $350 in that case (doc. no. 24-4).  On July 2, 2013, the

Commissioner filed a notice indicating that she does not oppose Counsel's request for

fees under § 406(b)(1).  (Doc. No. 26.)  On July 16, 2013, Counsel filed an affidavit

attesting that she had sent Plaintiff copies of the § 406(b)(1) motion and this Court's

initial order, directing Plaintiff to file any objections to the § 406(b)(1) motion within two

weeks.  (Doc. No. 28.)  To date, Plaintiff has not filed any objection to Counsel's motion.

2

Counsel's time sheet indicates that Counsel expended 12.45 hours on services rendered in this case before this Court.  (Doc. No. 24-3.)  The Notice of Award indicates that Plaintiff was entitled to past due benefits totaling $47,495.90 for the period January 2009 through April 2013.  (Doc. No.24-1.)  The Notice of Award does not reflect that the Social Security Administration ("SSA") has withheld any portion of Plaintiff's award to pay for attorney's fees.  In her motion, Counsel indicates that she "has made repeated requests for confirmation of the withheld amount and has been repeatedly provided" with the Notice of Award that accompanied her motion.  (Doc. No. 24 at 1, n.1.)  The fee agreement between Plaintiff and Counsel indicates that, if Plaintiff's claim were appealed to the Appeals Council or to Federal Court, Plaintiff would pay Counsel 25 percent of all past due benefits.  (Doc. No. 24-2.)

## II.    LAW & ANALYSIS

Section 406(b)(1)(A) provides for the payment of an attorney's contingency fee from an award of benefits:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

See also *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994).  A court may award attorney's fees only for work performed before it.  *Id.* Due deference should be given to the expression of the intentions of client and attorney in setting fees.  *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).  A twenty-five

3

percent fee agreement between attorney and client should not be viewed as reasonable *per se*, but such a fee should be accorded a rebuttable presumption of reasonableness. *Id.* If deductions are to be made in the fee, they should generally be one of two types: (1) deductions occasioned by counsel's improper conduct or ineffectiveness, or (2) deductions to prevent a windfall resulting from either an inordinately large award, or minimal effort expended. *Id.* In any event, "such fees may not . . . be greater than 25 percent of the amount of back benefits accumulated by three months after the case was ready for decision by the district court." *Dearing v. Sec'y of Health & Human Servs., 815 F.2d 1082, 1084 (6th Cir. 1987)*.

Contingent fees may translate into large hourly rates. A large hourly rate in a particular case, however, is not necessarily grounds for finding the rate to be unreasonable:

> In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Sec'y of Health & Human Servs., 900 F.2d 981, 982 (6th Cir. 1990)*. A contingent fee that translates into a large hourly rate is *per se* reasonable and not a windfall if the hourly rate resulting from the contingent fee is less than twice the standard rate for such work in the relevant market. *Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 422 (6th Cir. 1990)*. Finally, it is well established that, where a claimant has been awarded fees under the EAJA, and where counsel is awarded fees under § 406(b)(1), counsel must refund the amount of the smaller fee to the claimant. *See Jankovich v. Bowen, 868 F.2d 867, 871, n.1 (6th Cir. 1989); see also Tharp v.*

4

*Comm'r of Soc. Sec.*, No. 1:08-CV-542, 2011 WL 3438431, *21 (S.D. Ohio Aug. 5, 2011)* ("In the situation of a dual entitlement, the attorney must refund the amount of the smaller fee to the claimant.").

Here, there is no indication of improper conduct or ineffectiveness of counsel. Nor does the requested contingent fee appear to represent a windfall.  Counsel's total requested contingency fee constitutes only 10.9 percent of Plaintiff's award for the period of time up to three months after this case was ready for review by this Court[2] and less than 10 percent of Plaintiff's total award.  Further, while the requested fees translate into an hourly rate of $350.00, this Court has previously determined that such a rate does not constitute a windfall.  *See Koprowski v. Comm'r of Soc. Sec.*, No. 1:10-CV-1216, 2013 WL 29804, *2 (N.D. Ohio Jan. 2, 2013)* (Adams, J.) (rejecting counsel's request for an hourly rate of $416.66 and noting that an hourly rate of $350 was "directly in line with the median hourly rate that the Court sees employed in a broad spectrum of civil litigation"); *Brown v. Comm'r of Soc. Sec.*, No. 4:09-CV-2870, 2012 WL 6682112, *3 (N.D. Ohio Dec. 21, 2012)* (Vecchiarelli, M.J.) (rejecting counsel's request for an hourly rate of $400 per hour and awarding counsel an hourly rate of $350). Finally, there are no objections to Counsel's motion.  Accordingly, and for the foregoing reasons, the

---

[2] This case was ripe for review on or about May 4, 2011, when Plaintiff's reply to the Commissioner's Brief on the Merits was due.  *See Webb v. Richardson*, 472 F.2d 529, 538 (6th Cir. 1972), *overruled in part on other grounds*, *Horenstein*, 35 F.3d at 263 ("In no event should the fee exceed 25% of the past-due benefits that would have been due if judgment had been rendered within three months of the submission of the Secretary's reply brief.").  The amount of benefits awarded between January 2009 and August 2011 – three months after this case was ripe for review – totals approximately $ $39,971.20. (*See* Doc. No. 24-2.)

5

Court concludes that Counsel's requested contingency fee in the amount of $4,357.50 is reasonable and appropriate under the circumstances of this case.

### III.    CONCLUSION

For the foregoing reasons, Counsel's motion for attorney's fees (Doc. No. 24) is GRANTED.[3]  Counsel shall refund $1,868.75 – the amount previously awarded under the EAJA in this case – to Plaintiff.

**IT IS SO ORDERED**.

*s/ Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: July 30, 2013

---

[3]    Given the SSA's failure to respond to Counsel's requests for confirmation on the issue, it is not clear whether the SSA has withheld any portion of Plaintiff's retroactive award for attorney's fees.  However, this Court reasonably assumes that, because the Commissioner does not oppose Counsel's request for fees, the SSA must have withheld some portion of the award for attorney's fees.